**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

ERIC DONALD CARLSON,

Plaintiff,

v.

JAMES A. NIQUET,

Defendant.

Case No. 2:26-CV-2022

(State Court Case No. 2026CV009003)

---

**NOTICE OF REMOVAL**

Defendant James A. Niquet ("Defendant" or "Niquet"), by and through his undersigned attorneys, hereby removes the above-captioned action from the Circuit Court of Milwaukee County, Wisconsin, Case No. 2026CV009003, to the United States District Court for the Eastern District of Wisconsin, pursuant to 28 U.S.C. §§ 1441 and 1446, on the basis of diversity of citizenship jurisdiction under 28 U.S.C. § 1332. In support of this Notice of Removal, Defendant states as follows:

1. On October 2, 2026, Plaintiff Eric Donald Carlson ("Plaintiff"), proceeding pro se through Carlson & Carlson Law, LLC, filed a Complaint in the Circuit Court of Milwaukee County, Wisconsin, Case No. 2026CV009003 (the "Complaint"). A true and correct copy of the Complaint is attached hereto as **Exhibit A**.

2. The Complaint asserts five causes of action against Defendant: (1) Tortious Interference with Contract and Business Relations; (2) Negligent Interference with Contract

and Business Relations; (3) Libel and Slander (Defamation); (4) Intentional Infliction of Emotional Distress; and (5) Negligent Infliction of Emotional Distress.

3. The Complaint alleges that Plaintiff and Defendant were equity shareholders at Crivello Carlson S.C. (now known as "Crivello, Nichols, Hall S.C."), and that Plaintiff had employment, contractual, and business relationships with the firm, its clients, referral sources, and professional associates. It further alleges that Defendant intentionally and negligently made, repeated, and published false statements concerning Plaintiff's professional conduct, competence, integrity, ethics, reputation, and fitness to practice law, including statements accusing Plaintiff of "professional neglect," and published those statements to third parties, including firm board members, clients, and members of the legal community.

4. The Complaint further alleges that Defendant's conduct caused Plaintiff's termination from the firm on or about May 12, 2023, and resulted in loss of clients, business opportunities, and future earning capacity, as well as reputational harm, emotional distress, and other economic and non-economic damages. Plaintiff seeks compensatory damages, punitive damages under Wisconsin law, prejudgment and post-judgment interest, costs and disbursements, and such other and further relief as the Court deems just and proper. Plaintiff has demanded a trial by jury.

5. This Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this action is removable to this Court under 28 U.S.C. § 1441(a).

6. Plaintiff Eric Donald Carlson is an adult individual and resident of the State of Wisconsin, residing at 11518 N. Concord Creek Dr., Mequon, Wisconsin 53092. Plaintiff is a citizen of Wisconsin for purposes of 28 U.S.C. § 1332.

7. Defendant James A. Niquet is an adult individual and resident of the State of South Carolina, residing at 803 Mirror Lake Court, Salem, South Carolina 29676. Defendant is a citizen of South Carolina for purposes of 28 U.S.C. § 1332.

8. Complete diversity of citizenship exists because Plaintiff is a citizen of Wisconsin and Defendant is a citizen of Georgia. 28 U.S.C. § 1332(a)(1).

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

10. Plaintiff seeks compensatory damages including lost wages, lost benefits, loss of clients and business opportunities, reputational harm, emotional distress, and loss of future earning capacity.

11. In addition to compensatory damages, Plaintiff seeks punitive damages under Wisconsin law, together with costs, interest, and such other relief as may be available.

12. The amount in controversy is based on the combined value of Plaintiff's claims for compensatory damages and punitive damages. Based on the nature and extent of the alleged economic, reputational, and emotional injuries, together with the punitive damages sought, the amount in controversy exceeds $75,000, exclusive of interest and costs.

13. The Complaint was filed on October 2, 2026.

14. Defendant was served with the Summons and Complaint on October 2, 2026.

15. This Notice of Removal is filed within thirty (30) days of Defendant's receipt of service of the Summons and Complaint, as required by 28 U.S.C. § 1446(b)(1). Accordingly, this removal is timely.

16. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the Circuit Court of Milwaukee County, Wisconsin, in which this action was pending prior to removal, is located within the Eastern District of Wisconsin.

17. In accordance with 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be promptly given to all adverse parties, and a copy of this Notice of Removal will be filed with the Clerk of the Circuit Court of Milwaukee County, Wisconsin.

18. By filing this Notice of Removal, Defendant does not waive, and expressly reserves, any and all defenses, objections, and motions available to Defendant in this or any other forum, including but not limited to any defenses or objections that may be raised in a responsive pleading or pre-answer motion. Defendant's filing of this Notice of Removal shall not be construed as a general appearance, a waiver of any defect in service, or an acknowledgment that service was timely or properly effectuated. Defendant intends to seek appropriate relief in this Court based on Plaintiff's failure to comply with the service requirements of Wisconsin law.

WHEREFORE, Defendant James A. Niquet respectfully requests that this Honorable Court:

a) Accept removal of this action from the Circuit Court of Milwaukee County, Wisconsin, Case No. 2026CV009003, to the United States District Court for the Eastern District of Wisconsin;

b) Grant Defendant such other and further relief as this Court deems just and proper.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Stephanie F. Jones*

**GORDON REES SCULLY MANSUKHANI LLP**
Stephanie F. Jones
8383 Greenway Boulevard, Suite 608
Middleton, WI 53562
sfjones@grsm.com
312-619-4934

*Attorney for Defendant James A. Niquet*

## VERIFICATION

I, the undersigned, hereby certify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements set forth in this Notice of Removal are true and correct to the best of my knowledge, information, and belief.

Dated: October 30, 2026

*/s/ Stephanie F. Jones*

**GORDON REES SCULLY MANSUKHANI LLP**
Stephanie F. Jones
8383 Greenway Boulevard, Suite 608
Middleton, WI 53562
sfjones@grsm.com
312-619-4934